UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| O'OUIDA C. YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10CV824 TIA |
| ) | |
| ST. JOHN'S MERCY HEALTH SYSTEM ) | |
| d/b/a ST. JOHN'S MERCY MEDICAL ) | |
| CENTER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

## Background

On May 5, 2010, Plaintiff O'ouida Young filed a five-count complaint against Defendant St. John's Mercy Health System. In Counts I and II, Plaintiff alleges that Defendant discriminated against her on the basis of her race, African American, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 et seq. and 42 U.S.C. § 1981. Plaintiff alleges in Count III that Defendant discriminated against her because of her age, 43, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et. seq. In Count IV, Plaintiff claims that Defendant discriminated against her on the basis of race in violation of the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.155. Plaintiff's Count V alleges that the Defendant breached its Nursing Fellowship Program agreement with her by failing to provide her with specialized training in the Operating Room of its Surgery Department to allow Plaintiff to be eligible for employment as an RN.

On July 7, 2010, Defendant filed a Motion to Dismiss, arguing that this Court should dismiss Count IV because St. John's Mercy Health System is not an employer under the Missouri Human Rights Act ("MHRA") because it is an organization owned and operated by a religious group. Defendant's motion also seeks dismissal of Count V because the Plaintiff was an at-will employee and did not have an employment contract with Defendant. Attached to the Memorandum in Support of the Motion to Dismiss is a letter from the Missouri Commission on Human Rights ("MCHR"), closing the complaint because the complaint was filed against an organization owned and operated by a religious group and was not covered by the MHRA. (Def. Exh. A) Defendant also references its Disclosure of Corporate Interests Certificate in its Reply brief.

Plaintiff, on the other hand, argues that the letter from and the reasoning by the MCHR is not current and does not state any findings to support its conclusion. Plaintiff contends that dismissal of Count IV at this stage would be premature and improper. Additionally, Plaintiff claims that the Nursing Fellowship Program Agreement contains provisions sufficiently defining the duration of employment to create an employment contract. Therefore, Plaintiff asserts that she can maintain an action for Breach of Contract as stated in Count V of the Complaint.

## Discussion

For the following reasons, the Court will convert Defendant's Motion to Dismiss with respect to Count IV to a Motion for Summary Judgment. In the interest of judicial economy, the Court will rule on the Motion to Dismiss Count V in conjunction with the Motion for Summary Judgment.

Under Federal Rule of Civil Procedure 12(d):

> If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must

2

> be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d); see also McAuley v. Fed. Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007). Matters outside the pleadings include "'any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings.'" Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1366). However, in addressing a motion to dismiss, courts "may consider documents attached to the complaint and matters of public and administrative record referenced in the complaint." Great Plains Trust Co. v. Union Pac. R.R. Co., 492 F.3d 986, 990 (8th Cir. 2007) (citations omitted).

In this case, Defendant has submitted the letter from the MCHR and referenced its Disclosure of Corporate Interests Certificate. However, the information contained in these documents is absent from the Plaintiff's Complaint and accompanying exhibit. Because Defendant has submitted matters outside the pleadings in support of the Motion to Dismiss Count IV, the Court must treat the motion as one for summary judgment under Fed. R. Civ. P. 56. With regard to Count V, the undersigned finds that the pleadings and the attached agreement are sufficient to rule on the Motion to Dismiss. In the interest of judicial economy, however, the Court will give the parties time to file a Motion for Summary Judgment with respect to Count IV and to comply with Rule 56 and Local Rule 4.01. The Court will then entertain both the Motion to Dismiss Count V and the Motion for Summary Judgment on Count IV.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss with respect to Count IV of Plaintiff's Complaint is converted to a Motion for Summary Judgment.

**IT IS FURTHER ORDERED** that Defendant shall supplement the Motion for Summary Judgment on Count IV in accordance with Fed. R. Civ. P. 56 and L.R. 4.01 within fourteen (14) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendant shall file a written response, with supporting affidavits, twenty-one (21) days after being served with the summary judgment motion.

**IT IS FINALLY ORDERED** that Plaintiff shall file a reply memorandum seven (7) days after service of the response.

                                               /s/ Terry I. Adelman

                                            UNITED STATES MAGISTRATE JUDGE

Dated this  18th  day of October, 2010.