UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| O'OUIDA C. YOUNG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:10CV824 TIA |
| ST. JOHN'S MERCY HEALTH SYSTEM d/b/a ST. JOHN'S MERCY MEDICAL CENTER, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss and Motion for Summary Judgment. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

## Statement of Facts

Pursuant to the Local Rules of the United States District Court for the Eastern District of Missouri Rule 4.01[1], the Court sets forth the following facts:

---

[1] E.D.Mo. L.R. 4.01(E) provides:

> A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from the movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

In this case, Plaintiff failed to include a statement of material facts demonstrating that a

Defendant St. John's Mercy Health Care is the sole corporate member of St. John's Mercy Health System, a nonprofit corporation. (Def. Exh. A, Affidavit of Christopher Carter, ¶ 6) Through the appointment of St. John's Mercy Health System's Board of Directors, St. John's Mercy Health Care indirectly controls all aspects of St. John's Mercy Health System's operations. (Def. Exh. A, ¶ 7) Section 2.3.2 of its bylaws identifies St. John's Mercy Health Care's religious purposes and states, in part, that the corporation shall operate "to witness to Christ's concern for the care of the sick and injured and the teachings of the Roman Catholic Church regarding Christian health services and charity . . . ." (Def. Exh. A, ¶ 8) Further, under Article IV of St. John's Mercy Health System's Articles of Incorporation, "[t]he corporation is organized as a nonprofit corporation established to operate exclusively for charitable, religious, benevolent, educational, and scientific purposes." (Def. Exh. A, ¶ 10) St. John's Mercy Health System operates a hospital located in Creve Coeur, Missouri under the fictitious name "St. John's Mercy Medical Center." (Def. Exh. A, ¶ 9)

Sisters of Mercy Health System is the sole corporate member of St. John's Mercy Health Care, a Missouri nonprofit corporation, and through its appointment of St. John' Mercy Health Care's Board of Directors, indirectly controls all aspects of St. John's Mercy Health Care's operations. (Def. Exh. A, ¶¶ 3-4) Section 2.4 of Sisters of Mercy Health System's Articles of Incorporation identifies Sisters of Mercy Health System's religious purposes, stating, in part, that the Corporation shall operate "to serve the mission of the Roman Catholic Church and Mercy Health Ministry . . . ." (Def. Exh. A, ¶ 5)

Plaintiff, O'oudia C. Young, an African-American female, was employed by St. John's Mercy

---

genuine issue exists or otherwise specifically controvert Defendant's statement of uncontroverted material facts. Therefore, Defendant's statement is deemed admitted for purposes of summary judgment.

Health System as a registered nurse from June 9, 2008 through April 13, 2009. (Complaint, ¶¶ 2, 6, 13) She was enrolled in the St. John's Mercy Medical Center Nursing Fellowship Program ("Fellowship Program"), pursuant to an Agreement between Plaintiff and St. John's Mercy Medical Center. (Complaint, Exh. 1) Under that Agreement, the Medical Center agreed to allow Plaintiff to practice in the Fellowship Program, which consisted of didactic education and supervised clinical application and practice. (Complaint, Exh. 1) The Medical Center also agreed that the parties had an at will employer/employee relationship where Plaintiff was responsible and accountable to the Medical Center. (Complaint, Exh. 1)

Plaintiff agreed to remain employed for 36 consecutive months, to work at equivalent to a full-time status during the program, and to fulfill the work commitment upon completion of the program, which required at least 5,616 hours during a length of time not to exceed 5 years. (Complaint, Exh. 1) Plaintiff also agreed to make payment to the Medical Center as liquidated damages if she failed to remain employed. (Complaint, Exh. 1)

Both parties agreed that no individual would be discriminated against on the basis of race, sex, age, creed or national origin. (Complaint, Exh. 1) Further, both parties agreed that "[n]othing herein shall be construed as an employment agreement or guarantee of employment," and Plaintiff acknowledged that she was an employee of the Medical Center and "subject to the policies, procedures, rules and regulations applicable to all at-will employees of the Medical Center. (Complaint, Exh. 1)

During the course of her participation in the Fellowship Program, Plaintiff's supervisor extended the first phase of the program. (Complaint, ¶ 9) On March 6, 2009, Plaintiff was placed on a "work improvement plan." (Complaint, ¶ 11) On April 7, 2009, Plaintiff's supervisor notified

Plaintiff that she was suspended as a participant in the Fellowship Program. (Complaint, ¶ 12) Defendant discharged Plaintiff on April 13, 2009. (Complaint, ¶ 13)

On April 16, 2009, Plaintiff filed a Charge of Discrimination concurrently with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR"). (Def. Exh. B, Aff. of Eric Krekel, ¶ 2) Plaintiff alleged that her employer, St. John's Mercy Medical Center, discriminated against her on the basis of her race and age, and in retaliation for complaining to upper management. (Def. Exh. C, Charge of Discrimination) After reviewing Plaintiff's Charge of Discrimination, the MCHR concluded that it lacked jurisdiction to investigate Plaintiff's charge because Defendant was an organization owned and operated by a religious or sectarian group and was not an employer under the Missouri Human Rights Act ("MHRA"). (Def. Exh. B, ¶ 3) On June 17, 2009, the MCHR notified Plaintiff that her Charge of Discrimination was subject to Administrative Closure/No Jurisdiction based on the fact that her "complaint was filed against an organization that is owned and operated by a religious or sectarian group, which are not covered by the Missouri Human Rights Act." (Def. Exh. D) The letter also notified Plaintiff that she could appeal to the Circuit Court of Cole County. (Def. Exh. D) However, Plaintiff never filed an appeal, and the MCHR did not issue a Right to Sue letter and administratively closed Plaintiff's charge. (Def. Exh. B, ¶ 4) The EEOC did issue a Right to Sue letter. (Def. Statement of Material Facts, ¶ 18)

On May 5, 2010, Plaintiff filed a Complaint against Defendant St. John's Mercy Health System, asserting five Counts. In Count I, Plaintiff alleges that Defendant discriminated against her on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. (Complaint, ¶¶ 1-18) Count II asserts that Defendant treated Plaintiff in a discriminatory manner

because of her race unlike white employees similarly situated in violation of 42 U.S.C. § 1981. (Complaint, ¶¶ 19-23) Plaintiff alleges in Count III that Defendant discriminated against her on the basis of her age, 43, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. (Complaint, ¶¶ 24-31) In Count IV, Plaintiff contends that Defendant discriminated against her in violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213 et seq. (Complaint, ¶¶ 32-35) Finally, Plaintiff alleges that Defendant breached the employment contract as stated in the Agreement with Nursing Fellowship Participant. (Complaint, ¶¶ 36-41)

On July 7, 2010, Defendant filed a Motion to Dismiss Counts IV and V of Plaintiff's Complaint, asserting that St. John's is not an "employer" under the MHRA and that Plaintiff did not have an employment contract with St. John's. On October 18, 2010, the Court converted the Motion to Dismiss with respect to Count IV to a Motion for Summary Judgment and ordered the parties to file supplemental briefs in accordance with Fed. R. Civ. P. 56 and E.D. Mo. L.R. 4.01. Defendant filed its Motion for Summary Judgment on November 1, 2010, and Plaintiff filed a response in opposition on December 1, 2010. Defendant then filed its reply brief on December 8, 2010.

**Legal Standards for Motions for Summary Judgment and Motions to Dismiss**

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court show "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court must view the evidence and all reasonable inferences in the light most favorable to the non-moving party. Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 775 (8th Cir. 1995).

The moving party has the initial burden to establish the non-existence of any genuine issue of

fact that is material to a judgment in its favor. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ .P. 56(e). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In fact, the non-moving party must present sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for that party. Anderson, 477 U.S. at 249; Celotex, 477 U.S. at 324. Self-serving, conclusory, statements, standing alone, are insufficient to defeat a well-supported motion for summary judgment. O'Bryan v. KTIV Television, 64 F.3d 1188, 1191 (8th Cir. 1995).

With regard to motions to dismiss, a complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007) (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. In other words, "[f]actual allegations must be enough to raise a right

to relief above the speculative level . . . ." Id. This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. See Id. at 555; see also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Twombly, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Further, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Ashcroft v. Iqbal, __ U.S. __ , 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. Id.

## Discussion

### Defendant's Motion for Summary Judgment

In its Motion for Summary Judgment, Defendant argues that no genuine issue of material facts exists with regard to Plaintiff's claim under the MHRA because Defendant is not an "employer" under the statue but is an organization owned and operated by a religious group. In response, Plaintiff

maintains that, despite the affidavits presented in support of Defendant's motion, Defendant has failed to offer any evidence to support such testimony. The undersigned finds that Defendant is entitled to summary judgment on Count IV of Plaintiff's Complaint.

Under the Missouri Human Rights Act, it is unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, national origin, sex, ancestry, age or disability." Mo. Rev. Stat. § 213.055.1(1)(a). The MHRA excludes "corporations and associations owned and operated by religious or sectarian groups" from its definition of employer. Mo. Rev. Stat. § 213.010(7).

Defendant has demonstrated through the attached affidavit and memorandum in support of its motion that Defendant is owned and operated by a religious group and is exempt under the MHRA. In response, Plaintiff has failed to present any contradicting evidence which would allow a jury to return a verdict in her favor.

According to the affidavit of Christopher Carter submitted by Defendant, the articles of incorporation for Defendant St. John's Mercy Health System identifies its corporate purpose as "a nonprofit corporation established to operate exclusively for charitable, religious, benevolent, educational, and scientific purposes." (Def. Exh. A, ¶ 10) The Disclosure of Corporate Interests Certificate demonstrates that Sisters of Mercy Heath System and St. John's Mercy Health Care are the parent companies of St. John's Mercy Health System. (Doc. #4) These parent companies are required to "witness to Christ's concern for the care of the sick and injured and the teachings of the Roman Catholic Church regarding Christian health services and charity . . . ." (Def. Exh. A, ¶¶ 5, 8)

In addition, this district has previously held that a nonprofit subsidiary corporation run by the Sisters of Mercy Health System fell within the MHRA's exemption for corporations owned and operated by religious or sectarian groups. Putman v. Unity Health System, No. 4:00CV1037 CDP, Doc. #66, p. 9 (E.D. Mo. Nov. 19, 2002). United States District Judge Catherine D. Perry based her well-reasoned decision on the makeup of the subsidiary corporation, its bylaws, articles of incorporation, and the structure of the entities charged with its operation. Id. Judge Perry also noted that, similar to this case, plaintiff failed to present anything to controvert defendant's facts. Id. at 10.

In the instant case, the undersigned finds that, based on the corporate makeup of Defendant and its parent companies, the parties in control of Defendant's operations, and the articles of incorporation identifying Defendant's corporate purposes as a nonprofit corporation operating for religious purposes, St. John's Mercy Health System is "owned and operated" by a religious or sectarian group and is exempt under the Missouri Human Rights Act. Mo. Rev. Stat. § 213.010(7). The affidavit by Eric Krekel lends further support, as he is the Director of Investigative Operations for the Missouri Commission on Human Rights. Mr. Krekel stated that the MCHR concluded that it lacked jurisdiction to investigate Plaintiff's charge because the complaint was filed against an organization owned and operated by a religious or sectarian group and was not covered under the MHRA. (Def. Exh. B, ¶ 3) Because Defendant is not an employer under the MHRA, no genuine issue of material fact exists, and Defendant is entitled to summary judgment.

**Defendant's Motion to Dismiss**

In its Motion to Dismiss, Defendant contends that Plaintiff's Breach of Contract claim, Count V of her Complaint, must be dismissed for failure to state a claim because Plaintiff did not have an

employment contract with Defendant. Plaintiff, on the other hand, asserts that the Nursing Fellowship Program Agreement was an employment contract. (Complaint, Exh. 1) Specifically, Plaintiff argues that, despite the language indicating that the parties had an at-will employment relationship, the agreement contained a statement of duration which established a contractual relationship.

The undersigned finds that, based on pleadings, Plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007). "To create an employment contract, the agreement must contain a statement of duration, or some other limit on the employer's rights to discharge at will." McGee v. Nat'l Healthcare Corp., No. 4:08CV1092-DJS, 2009 WL 467309, at * 2 (E.D. Mo. Feb. 24, 2009). Plaintiff maintains that the language in the agreement wherein Plaintiff agreed to "remain employed by the Medical Center . . . for a period of thirty six (36) consecutive months" and to "work at least a total of 5,616 hours . . . within a five year period" sufficiently established a specific duration such that Plaintiff was a contractual, not an at will, employee. (Complaint, Exh. 1, p. 1) Further, Defendant contends that the agreement mandated that Plaintiff remain employed for that period to satisfy her debt for the cost of training. (Complaint, Exh. 1, p. 2)

The Defendant correctly asserts, however, that this language is not a statement of duration for employment or a promise to provide training. Instead, the language provides the terms required for Plaintiff to repay the cost incurred by Defendant to provide the Fellowship training. (Complaint, Exh. 1, p. 2) Failure of Plaintiff to meet her employment commitment would result in Plaintiff's payment of $9,000 as liquidated damages. (Complaint, Exh. 1, p. 2) Nowhere in the agreement does Defendant agree to employ Plaintiff for a specified period of time. Instead, the agreement clearly

10

states that Plaintiff was "subject to the policies, procedures, rules and regulations applicable to all at-will employees of the Medical Center." (Complaint, Exh. 1, p. 2) "'Without a statement of duration, an employment at will is created which is terminable at any time by either party with no liability for breach of contract.'" Crew v. Imagine Sch., Inc., No. 4:08CV1185 HEA, 2008 WL 5105073, at *2 (E.D. Mo. Dec. 1, 2008) (quoting McCoy v. Spelman Mem'l Hosp., 845 S.W.2d 727, 730 (Mo. Ct. App. 1993)). Further, where a contract does provide for at will employment, "the employer can terminate the employee without cause, and so termination will not constitute a breach of contract." Ladd v. Mohawk Carpet Distribution, L.P., No. 08-6470 (JNE/JJG), 2010 WL 2541651, at *14 (D. Minn. April 1, 2010) (citations omitted).

In short, the agreement does not contain any specific terms of duration for employment. Instead, the agreement demonstrates an at will employment relationship. As such Plaintiff cannot assert a breach of contract claim. Based on Plaintiff's Complaint and the attached Agreement, Plaintiff is unable state a claim upon which relief can be granted for breach of contract, and dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Count V [Doc. #5] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgement on Count IV [Doc. #21] is **GRANTED.**

                                                /s/ Terry I. Adelman
                                      UNITED STATES MAGISTRATE JUDGE

Dated this  3rd  day of January, 2011.